AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
SEP 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Yolanda Brown | ) | Case No. 3-16-71283 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 27, 2016__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession with intent to distribute and distribution of methamphetamine |
| | Maximum Penalties: |
| | Maximum Prison Term of Ten Years |
| | Maximum Fine of $250,000 |
| | Maximum Term of Supervised Release of Three Years; |
| | Mandatory Special Assessment of $100. |

This criminal complaint is based on these facts:

Please see attached affidavit of FBI Special Agent Glenn F. Solomon-Hill.
(Approved as to form _____ /AUSA Scott D. Joiner)

☑ Continued on the attached sheet.

_____
Complainant's signature

Glenn F. Solomon-Hill, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9-29-16

_____
Judge's signature

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF GLENN F. SOLOMON-HILL
# IN SUPPORT OF CRIMINAL COMPLAINT

I, GLENN F. SOLOMON-HILL, Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby depose and say:

## I.     INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed for seven years. In December 2009, I was assigned to the Violent Crimes/Major Offenders ("VCMO") Squad of the Los Angeles Division. As a member of the VCMO Squad, I have conducted and participated in investigations of federal law, including bank robbery, extortion, kidnapping, and major theft. In March 2013, I was transferred to the San Francisco Division where I have continued to work VCMO matters. In August 2015, I was assigned to the FBI's Cellular Analysis Survey Team (CAST). I have received extensive training in cellular phones and cellular networks in relationship to criminal investigations. I completed over 500 hours of training to become certified as a CAST agent. I have successfully used cellular telephone records and analysis (both historical and real-time) to aid in local, state, and federal investigations.

2. The facts stated in this affidavit are based on my personal knowledge, on my review of reports prepared by other law enforcement officers and records prepared by others, and on conversations I have had with other law enforcement officers and witnesses involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the Complaint sought herein. Unless

otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part.

## II. PURPOSE OF THIS AFFIDAVIT AND RELEVANT LAW

3.     This affidavit is being submitted in support of a criminal complaint charging Yolanda BROWN with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

4.     Title 18, United States Code, Section 922(g)(1) prohibits a person who has been convicted of a felony from possessing a firearm. The elements of that offense are as follows:

    (a)     The defendant knowingly possessed a firearm;

    (b)     The firearm had been shipped or transported from one state to another and/or between a foreign nation and the United States; and

    (c)     At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## III. FACTS ESTABLISHING PROBABLE CAUSE

### A. Criminal History

5.     My review of BROWN's criminal history indicates that BROWN is a convicted felon with multiple felony convictions including at least the following offenses:

| Conviction Date | Offense |
|---|---|
| 1989-07-25 | Possession of controlled substance (Cal. Health & Safety Code § 11350(a)) |
| 1990-04-27 | Possession of cocaine base for sale (Cal. Health & Safety Code § 11351.5) |

| Conviction Date | Offense |
|---|---|
| 1997-12-24 | Possession/purchase controlled substance for sale (Cal. Health & Safety Code § 11351) |
| 2009-10-09 | Possession of cocaine base for sale (Cal. Health & Safety Code § 11351.5) |
| 2012-09-24 | Carrying concealed firearm (Cal. Penal Code § 25400) |
| 2015-01-23 | Transport/sell controlled substance (Cal. Health & Safety Code § 11352(a)) |

### B. Previous Charges and Conditions of Pretrial Release

6. On September 15, 2015, a federal grand jury sitting in the Northern District of California returned an indictment charging Yolanda BROWN, also known as "Yo-Yo," with possession with intent to distribute and distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841 (a)(1).

7. BROWN first appeared before United States Magistrate Judge Sallie Kim on October 2, 2015, and was released on a $50,000 unsecured bond, co-signed by BROWN's mother, with special conditions. One of those conditions was that the defendant reside at and participate in residential treatment at New Bridge. BROWN was subsequently terminated from the New Bridge program for making threats of violence against the staff. The Court remanded her to custody on October 14, 2015.

8. On November 18, 2015, the Court released BROWN to the GEO Group, Inc. (GEO Reentry Services) halfway house located at 111 Taylor Street in San Francisco, California. On or about December 28, 2015, the defendant was admitted to the residential treatment program at HealthRight 360 in San Francisco, California.

9. On January 5, 2016, BROWN failed to appear for a bail review hearing in front of Judge Kim. At the time it was alleged that staff at HealthRight 360 found her in possession of numerous credit cards, a false identification card, and a $100 bill which may have been counterfeit. The Court revoked BROWN's bail and issued a bench warrant for her arrest that same day.

### C. BROWN's Unlawful Possession of a Firearm on July 27, 2016

10. On July 27, 2016, BROWN was arrested by officers of the San Francisco Police Department (SFPD) after they received information that she might be found at her brother's residence. SFPD officers knew that her brother, Perlandus Brown, lived at 280 Beale Street in San Francisco, California based on information provided to them from various law enforcement agencies searching for Yolanda BROWN.

11. SFPD Officers responded to the area of 280 Beale Street in an attempt to locate BROWN. At approximately 9:03 PM, an SFPD unit arrived in the area of Fremont and Beale Street. They observed a black adult male, later identified as Perlandus Brown, standing by the front driver seat of a black four door Lexus that was parked in front of 345 Fremont Street.

12. Officers stopped their police vehicle next to the black Lexus and recognized Yolanda BROWN siting in the front driver's seat. The officers placed BROWN into custody.

13. Donald White was sitting in the front passenger seat of the vehicle and was also detained by SFPD without incident. A records check for White revealed that he had an outstanding state arrest warrant for charges stemming from the sale or transport of a controlled substance (California Penal Code 11352(a) H&S) and contributing to the delinquency of a minor (California Penal Code 272(a)). Additionally, White is a convicted felon with numerous arrests

for theft, vehicle burglary, robbery, carrying a concealed weapon, felon in possession of a firearm, and possession of narcotic controlled substance.

14. SFPD Officer Ochoa asked Yolanda BROWN if there were any weapons inside the vehicle. BROWN said that there was a firearm under the front passenger seat. Officers then searched the vehicle.

15. The officers found a .45 caliber Taurus ACP pistol under the front driver seat of the vehicle where BROWN had been sitting.

### D. Interstate Nexus for the Recovered Firearm

16. I have been advised by an ATF interstate nexus expert – that is, an ATF special agent who has been trained to determine the geographic origins of firearms and ammunition – that the above-referenced .45 caliber Taurus ACP pistol (recovered from under the seat where BROWN was sitting) was not manufactured in the state of California.

## V. CONCLUSION

17. Based on the foregoing facts, my training and experience, and consultation with other law enforcement agents with experience in firearms investigations, I believe there is probable cause to believe that BROWN possessed a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United

//
//
//
//
//

States Code, Section 922(g)(1), and I respectfully request that a warrant be issued for her arrest for this crime.

Respectfully submitted,

GLENN F. SOLOMON-HILL
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before
me this  24  day of September, 2016.

HON. SALLIE KIM
UNITED STATES MAGISTRATE JUDGE