BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 15-00442-TEH |
| --- | --- | --- |
| | ) | NO. CR 16-00441-TEH |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| YOLANDA BROWN, | ) | Sentencing Date: February 27, 2017 |
| | ) | Time: 2:30 p.m. |
| Defendant. | ) | Judge: Hon. Thelton E. Henderson |

## I. INTRODUCTION

The defendant, Yolanda Brown, stands before the Court to be sentenced following her guilty plea to Count One of Case No. CR 15-00442, possession with intent to distribute and distribution of more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). She also stands before the Court to be sentenced following her guilty pleas to a prolonged series of criminal offenses (charged in Case No. CR 16-00441) which she committed after she absconded from pretrial release in the earlier case: five counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Given the defendant's persistent and escalating criminal history over the last three decades, the repetitive and ongoing nature of the offenses committed while the defendant was a fugitive, and her demonstrated danger to the community, the government respectfully requests that the Court impose a custodial sentence of 180 months in prison to be followed by five years of supervised release, mandatory restitution as set forth in the plea agreement and the Presentence Investigation Report (PSR), an expanded search condition as stipulated to by the parties in the plea agreement, forfeiture of the firearm and ammunition involved in the offense, and a mandatory special assessment of $100 per count of conviction.

## II. SENTENCING GUIDELINES CALCLATIONS

The government concurs with the PSR's Guidelines calculation which results in a total combined offense level of 32.[1] The government also agrees that the defendant's prior felony and misdemeanor convictions score her seven criminal history points, resulting in a Criminal History Category (CHC) of V. The Guidelines range for an offense level of 32 and CHC V is 168-210 months in prison.

## III. DISCUSSION

### A. Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. In this case, these factors indicate that a sentence of 180 months is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th

---

[1] In the plea agreement, the parties appear to have miscalculated the combined offense level by one point when grouping the various counts. Neither the defense nor the government has objected to the corrected offense level provided by U.S. Probation.

Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

### B. Sentencing the Defendant to 180 Months' Imprisonment Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a).

The defendant's criminal history spans nearly three decades. Her criminal history is remarkable not only for its longevity, but also for the frequency and regularity of arrests and convictions. This is not the defendant's first conviction for an offense involving a loaded firearm. Nor is it her first conviction for narcotics trafficking. But until very recently, her crimes had never included anything approaching armed bank robbery. (*See* PSR ¶¶ 78-90, 94-106.)[2] It is now escalating. Indeed, despite multiple

---

[2] This memorandum does not repeat the detailed facts surrounding the defendant's previous convictions and arrests as described in the PSR. The government notes the serious nature and extended

encounters with the criminal justice system from a young age, and opportunities to reform, the defendant's criminal conduct has continued unabated and undeterred by numerous arrests, convictions, and periods of incarceration. (*See id.*) In the 27 years spanning 1988 to 2015, the defendant accumulated 13 convictions (seven felonies and six misdemeanors - excluding the current charges), as well as at least 17 arrests. (*Id.*) The frequency and continuous nature of the defendant's felonious conduct and arrest record are even more remarkable when compared against numerous periods of incarceration and judicial supervision during the same time frame.

Her conduct over the last several years underscores the rising danger she poses to the community. Perhaps most concerning, however, is the violent escalation in the defendant's criminal conduct after she absconded from pretrial supervision in her original federal case. While on pretrial release in 2015, she was given the opportunity to pursue drug treatment on two separate occasions. She was terminated from both treatment programs, however, for misconduct (on one occasion for threatening a staff member at Newbridge with violence). Rather than surrender and face the Court after her second termination, however, the defendant chose instead to become a fugitive. And while evading law enforcement for more than six months, she committed a string of five bank robberies – threatening her victims with violence and/or death each time. Not surprisingly, when the defendant was finally apprehended, the police found her in possession of a loaded firearm.

Ultimately it appears that, despite multiple approaches to rehabilitation over the last three decades, no sentence and no amount of supervision has come close to protecting the community or earning the defendant's respect. A substantial sentence is now required protect the public and impress upon the defendant the need to refrain from future criminality. Accordingly, given all the factors set forth under § 3553(a), the government respectfully submits that a 180-month term of imprisonment would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

For the same reasons, the government recommends that the Court impose a five-year term of supervised release with a special search condition as set forth in the plea agreement:

---

pattern of these offenses, however, and urges the Court to give them careful consideration when evaluating the defendant's criminal history.

UNITED STATES' SENTENCING MEMORANDUM
CR 15-00442-TEH; CR 16-00441-TEH                3

The defendant shall submit her person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Given the defendant's persistent criminality and her demonstrated unwillingness and/or inability to comply with the law and court orders, the requested search condition is needed to serve the interests of deterrence and rehabilitation.

**IV.   CONCLUSION**

In full consideration of the defendant's history and characteristics together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 180 months in prison. The government recommends that this term in custody be followed by five years of supervised release, the search condition set forth in the plea agreement, a $100 special assessment per count of conviction ($700), restitution as set forth in the plea agreement and the PSR, and forfeiture of the firearm and ammunition involved in the offense.

DATED: February 13, 2017                               Respectfully submitted,

                                                       BRIAN J. STRETCH
                                                       United States Attorney


                                                       _____/s/_____
                                                       SCOTT D. JOINER
                                                       Assistant United States Attorney