1  STEVEN G. KALAR
   Federal Public Defender
2  DANIEL P. BLANK
   Senior Litigator
3  19th Floor Federal Building - Box 36106
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone:  (415) 436-7700
5  Facsimile:   (415) 436-7706
6  Email:       Daniel_Blank@fd.org

7  Counsel for Defendant BROWN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 15–0442 EMC, 16-0441 EMC |
|---|---|
| Plaintiff, | **REPLY ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| v. | |
| YOLANDA BROWN, | **Court:**   Hon. Edward M. Chen |
| Defendant. | |

**ARGUMENT**

As anticipated, the government appropriately acknowledges that Defendant Yolanda Brown is eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because her medical condition of Type 2 diabetes puts her at greater risk of serious illness from COVID-19 – an "extraordinarily and compelling circumstance" under the relevant standard. Nevertheless, the government opposes Ms. Brown's motion for compassionate release under the factors of 18 U.S.C. § 3553(a), and on the grounds that she poses a danger to the community under 18 U.S.C. § 3142(g), based upon her conduct in the underlying offense and her criminal history.

However, the government does not deny (or even address) the significant rehabilitation and insight that Ms. Brown has demonstrated during her more than 50 months of imprisonment.[1] According to controlling Supreme Court authority, the Court must give substantial weight to these factors under § 3553(a). *See Pepper v. United States,* 562 U.S. 476, 490-93 (2011) (explaining that "the most up-to-date picture" of the defendant's history and characteristics is what "sheds light on the likelihood that [the defendant] will engage in future criminal conduct"). Similarly, the government disregards the standard for danger under § 3142(g), which does not require guarantees but only that a release condition, or combination of release conditions, will "*reasonably assure* . . . the safety of any other person and the community." 18 U.S.C. § 3142(g) (emphasis added); *see also United States v. Chen,* 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("Section 3142 does not seek ironclad guarantees," and the requirement that the conditions of release "reasonably assure" a defendant's appearance and the safety of the community "cannot be read to require guarantees. . . ." ) (citations omitted). Moreover, if additional safeguards while on release are desired, Ms. Brown is willing to reside in a halfway house, residential drug treatment or sober living environment, rather than with her children.

As demonstrated by her conduct in custody and her insightful statement to the Court, Ms. Brown will not pose a danger to the community if released from custody to mitigate her particular vulnerability to the potentially lethal impacts of the COVID-19 pandemic. Instead, she will continue

---

[1] Not taking into account, Ms. Brown's projected date for release from prison to a halfway house, the government argues that Ms. Brown has served 40% of her sentence. *See* Gov. Opp. at 1. But taking that projected release date into account, Ms. Brown has actually served 48% of her custodial sentence. *See* Def. Supp. at 2.

REPL ON DEFENDANT'S MOTION
*BROWN*, CR 15–0442 EMC, 16-0441 EMC

1

on her positive path toward redemption and take her place with her family as a productive member of society.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Brown's request for compassionate release and resentence her to a term of imprisonment of time served.

Dated:   October 6, 2020                              Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

                              /S
DANIEL P. BLANK
Senior Litigator